IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| SAMUEL IRVIN WHITE, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. 1:06-cr-2 |
| v. | ) | Civil No. 1:10-cv-935 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Samuel Irvin White's, ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On April 12, 2006, the Petitioner was found guilty on the following counts: 1) conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1)(2006); 2) distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); 3) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); 4) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(2006); 5) possession of a firearm with obliterated serial number in violation of 18 U.S.C. 922(k); and 6) possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)(2006). A final judgment was entered on September 19,

2006, and the Petitioner was sentenced to a total of 435 months imprisonment.[1] The Petitioner subsequently appealed to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction on July 10, 2007. United States v. White, No. 06-5058 (4th Cir. July 10, 2007) (unpublished).

In October 2008, the Petitioner hired Eric Von Logan, purportedly an attorney, to file a motion to vacate under 28 U.S.C. § 2255. The motion was denied by this Court on October 15, 2008, on the grounds that Logan was not admitted to practice before the Eastern District of Virginia. In November 2008, Logan misrepresented to Petitioner that this Court had dismissed the motion because it was time barred by the statute. The Petitioner filed a motion under Federal Rules of Civil Procedure 60(b) with this Court, seeking relief from the judgment he erroneously believed was based on the statutory time bar. This Court denied the Rule 60(b) motion and the Petitioner appealed. After discovering the misrepresentation, the Fourth Circuit vacated the denial of the 60(b) motion, granted a certificate of appealability, and remanded the matter. This Court subsequently granted the Petitioner 60(b) motion on July 8, 2010, and

---

[1] On counts one (1) through three (3), Petitioner was sentenced to 135 months to run concurrently; on count four (4), Petitioner was sentenced to 300 months to run consecutively; on count five (5), Petitioner was sentenced to 60 months to run concurrently; and on count six (6), Petitioner was sentenced to 120 months to run concurrently.

2

permitted him to file a supplemental motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On August 20, 2010, the Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 stating ineffective assistance of counsel as his sole ground for relief. On September 6, 2013, this Court ordered the United States to file an answer within twenty-three days. The United States failed to respond and on August 4, 2015, the Petitioner filed a writ of mandamus with the Fourth Circuit alleging violation of due process. The Government subsequently responded on October 30, 2015.

Petitioner had several counsel at various stages of his case. Although the Petitioner is not specific as to who he claims provided ineffective assistance of counsel, it appears from the record that Petitioner is alleging Nia Ayanna Vidal, Assistant Federal Public Defender, Pleasant Brodnax III, local counsel, James Beane, retained counsel, Peter Baskin, retained counsel, and Eric Von Logan, retained purported counsel, failed to render effective assistance.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or

that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

"The proper standard for judging attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). Claims of ineffective assistance are evaluated using a two-part test: first, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; second, a petitioner must show that "the deficient performance prejudiced the defense." Id. at 687-88. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see also United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). Review of counsel's performance must be comprehensive and not

narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 669. A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." Id. at 687. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

Petitioner specifies four areas of ineffective assistance of counsel. Petitioner claims counsel: 1) failed to raise a void for vagueness argument with respect to 18 U.S.C. § 924(c); 2) failed to advise the Petitioner of the right to testify; 3) failed to investigate, call or present witnesses; and 4) failed to object to an improper sentence. A pro se petitioner is

5

entitled to have his or her petition and asserted issues construed liberally, because a pro se petitioner is held to less stringent standards than an attorney drafting such complaints. Gordan v. Leeke, 574 F.2d 1147 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Accordingly, construing the petition liberally, the Petitioner appears to also raise the following related arguments: his attorney improperly waived Speedy Trial, and his attorney advised him to sign stipulations relating to guns, drugs, and his prior convictions.

The Petitioner claims that his counsel failed to raise a void for vagueness argument with respect to 18 U.S.C. § 924(c). Specifically, Petitioner claims that "drug trafficking" is so inadequately defined as to render the statute void for vagueness. The statute specifically defines the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or Chapter 705 of Title 46." 18 U.S.C. 924(c)(2). Given these statutes clearly define "drug trafficking," the Petitioner's argument is meritless. See Tucker v. Catoe, 221 F.3d 600, 614-15 (4th Cir. 2000) (counsel is not ineffective for failing to make an argument where there is "no reasonable probability that [it] would have been successful.").

6

The Petitioner claims that his counsel failed to advise him of the right to testify. "[A] criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003). This right may be waived if the waiver is given knowingly and voluntarily. United States v. Mullins, 315 F.3d 449, 452, 454-55 (5th Cir. 2002). The Petitioner must show his right to testify was violated and that it was "so serious as to deprive [him] of a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Simply put, the record reflects that the Petitioner was made clearly aware of his right to testify during trial:

> **Mr. Stokes**: Your Honor, actually, if I can address another point first. We just ask—before we go to the jury again, we just ask that it be placed on the record that the defendant has an absolute right to testify and he's choosing not to do so. I don't believe that's been made on the record thus far. I just want to make sure that's the case.
>
> **The Court**: Well, he's been here. He hasn't testified.

Nothing in the Petitioner's affidavit indicates a "reasonable probability" that the outcome at trial would have been different if he had testified. Further, "reasoned advice that his client should not testify" is a strategic decision subject to the standards set forth in Strickland. The Petitioner knew of his right to testify, and counsel's advice does not meet either

7

prong of Strickland. Thus, Petitioner is not entitled to relief under § 2255.

The Petitioner claims his counsel failed to investigate, and call or present witnesses.[2] Petitioner submits affidavits from two witnesses, Xavier Chisley and Levar Tyree – both offering testimony regarding the Suburban that the Petitioner was driving when arrested. Counsel is given "wide latitude in determining which witnesses to call as part of their trial strategy." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998); see also Boyle v. McKune, 544 F.3d 1132 1139 (10th Cir. 2008) ("[t]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."). Further, in United States v. Roane, the court held that conclusory claims about hypothetical witnesses provide no grounds for relief, and that what a witness would have testified to is largely speculative. 378 F.3d 382, 400 (4th Cir. 2004); see also Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001).

Mr. Chisley indicates that he saw a lot of people drive the truck, and that in the neighborhood, people often let others use their cars. Mr. Tyree indicates that he was in the truck earlier in the evening of the Petitioner's arrest, and that he saw the

---

[2] The Petitioner indicates that he provided his counsel with a list of three or four witnesses, but does not articulate who those individuals were or what they would have provided at trial. Presumably, two of the witnesses were the individuals who provided the affidavits attached to the motion.

8

gun in the center console when looking for a CD before picking up the Petitioner. When arrested, three (3) firearms were found in the center console – perhaps leading a reasonable fact finder to believe Petitioner had added two more guns when he gained possession of the vehicle. The added information from Mr. Chisley and Mr. Tyree do not point to any facts or circumstances that would diminish the government's case against Petitioner. Further, the conduct of counsel to not call the additional witnesses was strategic in nature and did not prejudice the Petitioner.

The Petitioner claims that his counsel failed to object to an improper sentence. Specifically, Petitioner argues that the guideline range was 51-63 months for Count 6, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and that he was improperly sentenced to 120 months. As already stated, counsel is not ineffective for failing to make an argument where there is "no reasonable probability that [it] would have been successful." Tucker, 221 F.3d at 614-15.

Count 6 grouped, pursuant to § 3D1.2(d), with counts 1, 2, 3, and 5, and the adjusted offense level for the group was 32. Count 4 did not group and required a mandatory 25 year consecutive sentence. The Petitioner's Criminal History Category was calculated to be a II. The Sentencing Guidelines for adjusted offense level 32 and Criminal History Category II

9

called for 135-168 months of incarceration. The Petitioner received 135 months, the lowest end of the guidelines, for each of counts 1, 2, and 3. Because of the statutory maximum penalties, counts 5 and 6 were limited to 60 months and 120 months, respectively. The Petitioner simply misunderstands the guidelines and was sentenced properly. Counsel's conduct was not unreasonable, nor did the Petitioner suffer any prejudice.

It appears that Petitioner argues that his counsel improperly waived Speedy Trial. Petitioner's argument is meritless. On November 16, 2005, the Petitioner's counsel and the government filed a joint motion seeking an extension of time to file an indictment pursuant to 18 U.S.C. § 3161(h)(8)(A). This Court granted the motion and extended the time by which the government could indict the Petitioner to January 6, 2006. Petitioner now argues that he did not agree to this and did not understand why his counsel chose to waive his Speedy Trial Act rights. The joint motion was put forward because both parties were exploring the possibility of a pre-indictment plea, and a delay best served the interest of both parties. Further, the motion itself stated "[c]ounsel for the defendant has conferred with his client and received his consent and approval to seek additional time for the indictment." Petitioner has not set forth any facts or circumstances that indicate anything contrary

to the properly assessed joint motion. Petitioner does not show unreasonable conduct by counsel or prejudice.

The Petitioner appears to argue that he should not have been required to make stipulations involving "the guns and drugs and prior," but did so only at the direction of his counsel. The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Cabrera v. United States, 2014 WL 6386902, *5 (M.D.N.C. 2014), citing Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). Had the Petitioner not stipulated to these facts, the government would have shown them sufficiently through other evidence in the record. The Petitioner does not show unreasonable conduct by his counsel, or prejudice by the decision to stipulate.

Further, Petitioner is not entitled to an evidentiary hearing. An evidentiary hearing is necessary when it is unclear "from the pleadings and the files and records that the prisoner is entitled to no relief…" Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). "In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) overruled on other grounds by Gray v. Netherland 518 U.S. 152, 165-66 (1996).

11

For the reasons discussed above, this Court finds Petitioner's claims are without merit and do not entitle him to § 2255 relief or an evidentiary hearing. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November _16_, 2015